Harvey F. Johnston and Gladys Johnston v. Commissioner.
Johnston v. Commissioner
Docket No. 47863.
United States Tax Court
T.C. Memo 1954-57; 1954 Tax Ct. Memo LEXIS 188; 13 T.C.M. (CCH) 514; T.C.M. (RIA) 54163; June 9, 1954, Filed *188 Abe R. Cohen, Esq., Law & Finance Building, Pittsburgh, Pa., for the petitioners. Philip O. North, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax of $332.32 for 1949, $401.64 for 1950 and $549.52 for 1951, and additions under section 294(d) of $25.45 for 1950 and $44.46 for 1951. The issues for decision are whether the petitioners are entitled to larger deductions for travel, entertainment and promotion expense than the amounts allowed by the Commissioner in determining the deficiencies and whether the petitioner is entitled to a deduction for 1951 for a loss on an automobile. Findings of Fact The petitioners, husband and wife, filed joint returns for the taxable years with the collector of internal revenue for the 23rd District of Pennsylvania. Harvey, formerly employed by the Pittsburgh and Lake Erie Railroad, opened an insurance office in McKees Rocks, Pennsylvania, in 1946 and thereafter at all times material hereto sold health and accident insurance principally to employees of the P. & L.E. Railroad. Harvey travelled from McKees Rocks to various terminal points on the *189 P. & L.E. Railroad in order to contact customers and prospective customers for the insurance which he sold. He entertained customers, prospective customers and friends who helped him get in touch with prospective customers. The entertainment consisted of the purchase by Harvey of food and beverages. He drove his automobile in connection with his business and regularly incurred expenses for parking the car. The following table shows the amount deducted on the returns for travel, entertainment and promotion in connection with Harvey's business, the amount thereof allowed by the Commissioner in determining the deficiencies and the reported gross income and net profit from the business: Gross
Net
Years
Claimed
Allowed
Income
Profit
1949
$2,762.09
$596.96
$18,681.45
$5,265.51
1950
3,097.93
601.08
21,393.03
5,292.91
1951
2,829.55
390.50
21,245.61
6,459.49
The petitioner did not maintain complete accurate records of all of his expenditures for travel, entertainment and promotion expense in connection with his business. The record does not show how much he spent in any one of the taxable years for this purpose. The closest approximation *190 permitted by this record of the ordinary and necessary expenses paid by Harvey in the operation of his business for travel, entertainment and promotion is as follows: 1949
$2,000
1950
2,100
1951
2,200
The petitioner, at sometime not shown by the record, bought an old Ford car for the use of a salesman in his business. The cost was not in excess of $160. The car was used for a few weeks after which repairs to the transmission became necessary. Martin Mixter, an employee in the shop of the P. & L.E. towed it to his home where he proposed to repair it. Mixter, at sometime thereafter not shown by the record, was called into the Army. The petitioner, having no further use for the car, never made any real effort to recover it. He claimed a deduction of $160 on his return for 1951 listed under business expense as "Theft (Auto)". The automobile was not stolen and the record does not show that the petitioner sustained any deductible loss on the automobile in 1951. Opinion MURDOCK, Judge: The principal question in this case is the amount which the petitioner is entitled to deduct in each taxable year for travel, enterainment and promotion expense in connection with *191 his business. He did not keep accurate records of his expenditures for these purposes and he did not offer in evidence any of the records which he did keep which might support the deductions which he claimed. He testified that he spent substantial amounts but it is clear from the record that he was not testifying to any specific amount from any recollection which he had in his mind at the time that he testified. There is testimony about checks but no checks or check stubs were introduced in evidence or used in connection with the testimony of a witness in the presence of the Court to sustain any figure. The evidence indicates to the satisfaction of the Court that the petitioner spent in each year substantially more than the Commissioner has allowed but there is no way from the record of determining any amount with any assurance that it would be approximately correct. Absolute certainty as to the exact amount is not essential and the Court must make "as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." . The Court has done its best to fix upon a reasonable *192 amount to be allowed as a deduction for each of the years on the record before it, such as it is, and its efforts in this connection have been incorporated in the findings of fact. The petitioner claims a deduction in connection with a secondhand automobile but the record does not justify a finding that any deductible loss on this automobile was sustained in 1951, the only year for which the deduction is claimed. The petitioner did not say when he bought the automobile, he was vague as to the amount he paid for it, his testimony does not show that he knew how much it was worth after Mixter took it over and it is not clear from his testimony that he could not have recovered a substantial amount had he gone to the trouble to try to do something about the car after Mixter was called into the Army, whenever that may have been. There may be some automatic reduction in the additions determined by the Commissioner under section 294(d) as a result of the decision in regard to the expense items, but the record presents no other issue in that connection for decision by the Court. Decision will be entered under Rule 50.